```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RICHARD J. ROBESON, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 10-1443 (JBS/AMD) |
| v. | |
| AHERN RENTALS, INC., et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court on the unopposed motion of Defendants Mark Brown and Don Ahern to dismiss for failure to timely serve. [Docket Item 20.] The Court finds as follows:

1. This action was initially filed in the Superior Court of New Jersey, Camden County Law Division on January 13, 2010. Notice of Removal, Docket Item 1. Defendant Ahern Rentals was served on approximately February 18, 2010. Id. On March 19, 2010, Defendant Ahern Rentals removed the action to this Court on diversity grounds. Id.

2. On June 2, 2010, counsel for Plaintiff and Counsel for Defendants submitted a joint discovery plan pursuant to Fed. R. Civ. P. 26(f). Forbush Cert. Ex. A. This report included an acknowledgment that "Defendants Mark Brown and Don Ahern have not yet been served with process in this action." Id. ¶ 1.

3. More than a year later, on August 5, 2011, Plaintiff,

for the first time, requested summonses as to Defendants Don Ahern and Mark Brown. [Docket Items 16-18.]  The summonses were issued on August 8, 2011. [Docket Item 19.]  Defendants report that on August 15, 2011, Plaintiff effectuated service on Don Ahern.

4.  On August 19, 2011, Defendants moved to dismiss Defendants Don Ahern and Mark Brown from the action for failure to timely serve, pursuant to Fed. R. Civ. P. 4(m). [Docket Item 20.]  Plaintiff did not submit opposition to this motion.

5.  Rule 4(m) establishes the time period within which a defendant must be served.  "If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . ."  Fed. R. Civ. P. 4(m).

6.  More than 120 days have passed since the Complaint in this action was filed.  Indeed, more than sixteen months have passed since Plaintiff's counsel acknowledged that service had not yet been effected as to Defendants Ahern and Brown.  Additionally, Plaintiff has not opposed Defendants' motion or otherwise provided the Court with good cause for his failure to timely serve.  Thus, the Court will dismiss Defendants Don Ahern and Mark Brown from the action without prejudice.

7.  Defendants additionally request an award for reasonable

costs and attorneys fees for filing their motion.  This Court is aware of no basis for fee-shifting under Rule 4(m), Fed. R. Civ. P., nor have these Defendants identified such a source of authority.  While the Court has inherent power to impose fees as a sanction for vexatious litigation tactics under 28 U.S.C. § 1927, the neglect of Plaintiff's counsel to timely serve process does not rise to the level of bad faith or willfulness required for such sanctions.  In the Third Circuit, the four prerequisites for imposition of sanctions under § 1927 are: (1) multiplication of proceedings; (2) unreasonably or vexatiously; (3) thereby increasing the cost of proceedings; (4) with bad faith or with intentional misconduct.  In re Beers, 399 F. App'x 748, 749 (3d Cir. 2010).

8.  Defendants point to an e-mail that counsel for Defendants sent to counsel for Plaintiff on August 3, 2011, warning that if service was attempted, it would be untimely.  Forbush Cert. Ex. B.  Plaintiff's counsel nonetheless went ahead and served process.  However this conduct, standing alone, does not rise to the level of vexatious or bad faith behavior necessary for sanction under § 1927.  The conduct of Plaintiff's counsel in this respect is not commendable, as he never sought leave to serve these Defendants out of time nor has he advanced any reason justifying such late service.  The fact that Plaintiff does not oppose dismissal lends support to the Court's finding

3

that Plaintiff has not sought to prolong this litigation as against Defendants Ahern and Brown through a pattern of vexatious conduct. Dismissal is the appropriate remedy at this time, not the shifting of attorney's fees and costs.[1] Therefore, the Court declines to impose counsel fees or costs upon Plaintiff for failing to make timely service under Rule 4(m).


**October 12, 2011**              **s/ Jerome B. Simandle**
Date              JEROME B. SIMANDLE
            United States District Judge

---

[1] The Court notes, however, that if a pattern emerges in this case demonstrating further actions by Plaintiff's counsel that operate to unreasonably delay or increase costs, Plaintiff's decision to effect late service in this case could be later viewed in the context of such further misconduct and later be subject to sanction under § 1927, or other appropriate authorities.